IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RENEA TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>COX ENTERPRISES, INC., and COX MEDIA GROUP, INC.,<br><br>    Defendants. | Civil Action No. 3:21-cv-288<br><br>Judge Walter H. Rice<br><br>**DEFENDANTS' MOTION TO DISMISS** |

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants Cox Enterprises, Inc. and Cox Media Group, Inc. hereby submit this Motion to Dismiss and Incorporated Memorandum of Law in Support.

## INTRODUCTION

This is a *pro se* action filed by political activist Renea Turner, a former unsuccessful write-in candidate for the Governorship of Ohio. Ms. Turner admits in her Complaint that on October 22, 2020, she made a public "declaration" from the grounds of the Ohio Statehouse in which she announced that she was exercising the "inalienable rights" of Ohio citizens to: (1) remove Governor Mike DeWine from office, and (2) replace him with herself as the Governor of Ohio. She justified this action by explaining Governor DeWine was "a Tyrant and he will be punished as such."

In her Complaint, Plaintiff admits that the planning connected to her effort to remove and replace Governor DeWine led to the filing of a police report against her and an investigation by the Ohio State Highway Patrol. Her subsequent public declaration purporting to remove Governor DeWine from office occurred only two weeks after federal officials arrested over a

dozen violent extremists who planned to kidnap and kill Michigan Governor Gretchen Whitmer. Not surprisingly, Plaintiff's conduct, including her video-recorded declaration from the Statehouse, led to significant reporting by local and national news media.

In her Complaint, Plaintiff contends in a sweeping fashion that the "media's" reporting "demonized" her.  Although she characterizes her claim as being for "false and defamatory reporting," Plaintiff fails in her Complaint to state a legal basis for the essential elements necessary to support a defamation claim against any media organization, including the two corporations she has improperly named as defendants in this action – Cox Enterprises, Inc. and Cox Media Group, Inc.

Plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## BACKGROUND ESTABLISHED BY PLAINTIFF'S COMPLAINT

Plaintiff's Complaint establishes the following facts for purposes of Defendants' Motion.

On October 22, 2020, Plaintiff made a public declaration from the grounds of the Ohio Statehouse in which she announced she was removing Governor Mike DeWine from office. Compl., ¶ 1.  Plaintiff posted a written copy of her statement to her Facebook page and posted a video recording of her reciting the statement.[1]  At the conclusion of her statement, the video recording showed Plaintiff purporting to take the oath of office to assume the position of Governor.

---

[1] A true and accurate copy of the statement Plaintiff posted to her Facebook page is being submitted herewith as Exhibit 1.  The statement can still be found online in conjunction with the video of her taking the oath of office at:
https://www.facebook.com/Ohiostrongturner/posts/2690514177869702.
*See* video at https://www.facebook.com/watch/Ohiostrongturner/ (with caption "History is being made.  Ohio is free of a Tyrant.  Effective 5:47 October 22, 2020.").

In her statement, Plaintiff stated as follows:

- Governor Mike DeWine "has become a Tyrant and will be held accountable immediately. He will receive a Tyrant's punishment."  Exhibit 1.

- "It is my right and my duty to . . . provide new guards for Ohioans' future as Ohio's 71st Governor. … Renea D. Turner will take the Governor oath immediately." *Id.*

- Ms. Turner then recited a long list of alleged "Tyrannous acts" committed by Governor DeWine that purportedly justified his removal, including alleged complicity in the opioid epidemic, alleged misconduct related to the COVID-19 pandemic, and alleged voting rights violations. *Id.*

- Based on such alleged misconduct and the "inalienable rights" of Ohio citizens as "endowed by their creator," Plaintiff announced that she had "dissolved the political bands" of Government, thereby allowing her to assume the position of Governor. *Id.*

After Plaintiff made her videotaped statement and purported to take the oath of office on the Statehouse steps, Plaintiff acknowledges she received considerable media attention.  Compl., ¶ 2 (explaining "[t]he video went viral" and she was being contacted for "comments").  Plaintiff admits that she spoke with the news organization Cleveland.com.  *Id.*  A true and accurate copy Cleveland.com's news reports on this matter, including Plaintiff's comments, is attached as Exhibit 2.

Plaintiff states that the media attention focused on her grew more intense after the release of what Plaintiff calls "a false police report" filed by a "Piqua man."  Compl., ¶ 4.  Plaintiff admits that this police report prompted an investigation of her by the State Highway Patrol.  *Id.*  Plaintiff also admits that State Highway Patrol investigators came to her home and explained that

a member of the Ohio House of Representative had also expressed concerns about the statements Plaintiff made in a meeting in his office. *Id.*

Plaintiff then contends "False, Demonizing, and Defamatory media went viral across the United States and in the U.K." Compl., ¶ 5. In her Complaint, Plaintiff does not identify any specific news reports or statements that she considers actionable, but Plaintiff attaches two exhibits to her Complaint. At Exhibit A to the Complaint, Plaintiff attaches a small portion of an online news report from the Springfield News-Sun, with a headline "Piqua resident reports plot to kidnap or arrest Ohio Gov. Mike DeWine" and a sub-headline stating "The plot allegedly involved a Springfield woman planning to arrest or kidnap Gov. Mike DeWine." At Exhibit B, Plaintiff attaches a small portion of an undated online news story by television station WHIO-TV, containing the headline "Springfield woman disputes reports she was in on plan to arrest Gov. DeWine."

In Plaintiff's Complaint, she correctly states that in 2019 – prior to the reporting at issue in this matter – Defendants Cox Enterprises, Inc. and Cox Media Group, Inc. participated in a transaction with Apollo Global Management, Inc. Compl. at Introduction, ¶ 1. Plaintiff correctly states that as a result of the transaction: (1) Cox Enterprises, Inc. retained ownership of certain Ohio newspapers, including the Springfield News-Sun, and (2) Cox Enterprises, Inc. and Cox Media Group, Inc. sold a majority stake of their ownership in 14 television stations to Apollo. *Id.* at Introduction, ¶¶1-2. This transaction included the television station WHIO-TV. As a result, neither Defendant Cox Enterprises, Inc., nor Defendant Cox Media Group, Inc. had majority ownership or corporate control of WHIO-TV in October of 2020.

**ARGUMENT**

I. **PLAINTIFF'S COMPLAINT VIOLATES THE COURT'S WELL-ESTABLISHED PLEADING STANDARDS.**

The purpose of a motion to dismiss is to enable defendants to challenge the legal sufficiency of a complaint. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2009). This purpose is especially important when dealing with First Amendment interests implicated by speech on matters of public concern.[2] To survive a motion to dismiss, a complaint "must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level,' and to state a claim for relief that is plausible on its face.'" *Hensley Mfg. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555. While a court must generally accept "well-pleaded" facts as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) "Threadbare recitals of the elements of a cause of action, supported by mere

---

[2] *E.g.*, *New York Times Co. v. Sullivan*, 376 U.S. 254, 278 (1964). The United States Supreme Court has recognized that even the burden and expense of litigating an issue can unduly impinge on the exercise of First Amendment rights. *See, e.g.*, *Nike, Inc. v. Kasky*, 539 U.S. 654, 668 (2003) (Breyer, J., dissenting); *Time, Inc. v. Hill,* 385 U.S. 374, 389 (1967) ("Fear of large verdicts in damage suits . . . even fear of the expense involved in their defense, must inevitably cause publishers to 'steer . . . wider of the unlawful zone,' and thus 'create the danger that the legitimate utterance will be penalized.'" (internal citations omitted) (citing and quoting *Sullivan*, 376 U.S. at 279)).

conclusory statements," for instance, "do not suffice." *Iqbal*, 556 U.S. at 678. A court should exclude such conclusory statements from its analysis when determining whether a plaintiff has advanced sufficient facts to support a facially plausible claim for relief. *Id.*

In determining whether a complaint sets forth a plausible claim, a court may consider both the allegations and "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratee Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005). Cox Media Group has asked in its Motion to Dismiss that this Court take judicial notice of Exhibits 1 and 2 to this Motion, which are undisputed records that Plaintiff referenced in her Complaint and are integral to her claims.

Under these well-established standards, Plaintiff's Complaint falls far short of stating a claim for defamation. Even the most generous reading of the Complaint demonstrates that she has failed to state a defamation claim against any media organization, including the Defendants.

## II. PLAINTIFF HAS FAILED TO STATE THE ELEMENTS OF A VIABLE DEFAMATION CLAIM IN HER COMPLAINT.

In order to state a viable defamation claim against a news organization under Ohio law, a plaintiff must plead grounds establishing that "(1) the organization made a false statement, (2) the statement was defamatory, (3) the organization published the statement, (4) the plaintiff was harmed as a proximate result of the publication, and (5) the organization acted with the requisite degree of fault in publishing the statement." *Anderson v. WBNS-TV, Inc.* (2019), 158 Ohio St.3d 307, 309, 141 N.E.3d 192, 192; *see also Am. Chem Soc. v. Leadscope, Inc.*(2012), 133 Ohio St.3d 366, 389, 978 N.E.2d 832, 852 (same). It is well-established that "a plaintiff must plead sufficient facts to plausibly establish that each element of a defamation claim is present." *Mitchell v. Fijitec America, Inc.*, 518 F. Supp.3d 1073, 1092 (S.D. Ohio 2021).

Here, Plaintiff fails to plead numerous elements of her putative defamation claim.

First, Plaintiff has failed to identify with any meaningful particularity the news reports and statements that she contends are actionable. Rather, Plaintiff alleges in a sweeping fashion that "the media went on a frenzy" and "demonized me with comments that I was plotting to kidnap, kidnap and kill, kidnap and murder ..." Compl., ¶ 3. But, Plaintiff has not identified any such statements or news articles in her Complaint. Both the fragmentary news reports attached as exhibits to her Complaint explicitly refer to Plaintiff's plan to "arrest" or "kidnap or arrest" Governor DeWine. There is no reference to "kill" or "murder." *See* Compl., Exhibits A and B.

Second, Plaintiff has failed to plead that Defendants are the proper defendants in this action by setting forth grounds to support the claim that they are the "publishers" of the news reports she challenges. It is axiomatic that a defamation claim only lies against the publishers of the specific speech that Plaintiff challenges, but Plaintiff appears to be complaining about news reports published by a broad array of news organizations. Cox Enterprises is, admittedly, the proper party with respect to news reports published in the Springfield News-Sun, but, as the Complaint makes clear, Cox Enterprises and Cox Media Group sold their majority interest in WHIO-TV to Apollo Global Management in 2019, prior to the publication of Exhibit B. The Cox entities were merely minority shareholders during the relevant time period. "A fundamental rule of corporate law is that, normally, shareholders, officers, and directors are not liable for the debts of the corporation." *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 287, 617 N.E.2d 1075 (1993).

Third, Plaintiff has failed to plead that the statements she challenges are false given the facts otherwise admitted in the Complaint. Plaintiff admits she sought to remove and replace Governor DeWine based solely on her own assessment of the "inalienable rights" of Ohio

citizens. She repeatedly refers to "punishing" him as a "Tyrant" for committing "felonies and crimes against Ohioans" in her Complaint. Compl., ¶ 1; *see also id.* at Exhibit A. Plaintiff does not appear to dispute that at a minimum she discussed putting Governor DeWine under "house arrest." *See* Exhibit 2 ("Turner, in an interview with cleveland.com, confirmed that she talked to the man about the idea of placing the governor under house arrest but denied that she discussed any specific plans to do so. 'He's a dingbat,' Turner said of the man.").

Finally, Plaintiff has failed to plead any grounds that would plausibly support an allegation that news organizations published news reports about her with "actual malice." As a political activist, there is no question that Plaintiff is a "public figure" required to plead and prove fault by the Defendants under the "actual malice" standard. *See, e.g., Condit v. Clermont Cty. Review,* Ohio App.3d 166, 638 N.E.2d 96 (1994) (finding plaintiff had "voluntarily injected himself into the public and controversial debate over abortion and has therefore become a limited public figure for the purpose of this litigation"). *See also Mitchell*, 518 F.Supp.3d at 1092 ("[A] complaint asserting a defamation claim as to which the actual malice standard applies must 'set forth facts establishing [that the] statements [were] made with malice' to avoid dismissal." (*quoting Carovac v. Lake Cnty. Bd. of Dev.'l Disabilities/Deepwood*, No. 1:19-cv-2344, 2020 WL 5423966, at *5 (N.D. Ohio Sept. 9, 2020)). The inability to plead grounds supporting "actual malice" is regularly where defamation claims such as Plaintiff's founder.[3]

---

[3] *See, e.g., Michel v. NYP Holdings, Inc.*, 816 F.3d 686 (11th Cir. 2016) (sustaining motion to dismiss for failure to plausibly plead actual malice); *Biro v. Condé Nast*, 807 F.3d 541 (2d Cir. 2015) (same); *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610 (7th Cir. 2013) (same); *Mayfield v. National Association for Stock Car Auto Racing, Inc.*, 674 F.3d 369 (4th Cir. 2012) (same); *Schatz v. Republican State Leadership Committee*, 669 F.3d 50 (1st Cir. 2012) (same).

## **CONCLUSION**

Even under a generous reading of the Complaint in light of Plaintiff's *pro se* status, Plaintiff has failed to plead the elements necessary to state a viable defamation claim against Defendants. Defendants request that the Court grant their Motion to Dismiss under Fed.R.Civ.P. 12(b)(6).

Respectfully submitted, March 15, 2021.

/s/ John C. Greiner
John C. Greiner (0005551)
Kellie A. Kulka (0095749)
GRAYDON, HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, OH  45202
Phone:  (513) 629-2734
Fax:     (513) 333-4316
Email:  jgreiner@graydon.law
            kkulka@graydon.law

&

/s/ Thomas M. Clyde
Thomas M. Clyde
Georgia Bar No. 170955 (*pro hac vice forthcoming*)
Lesli N. Gaither
Georgia Bar No. 621501 (*pro hac vice forthcoming*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4528
Phone:  (404) 815-6038
Fax:     (404) 541-3359
Email:  tclyde@kilpatricktownsend.com
            lgaither@kilpatricktownsend.com

*Counsel for Defendants Cox Enterprises, Inc. and Cox Media Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 15, 2022, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record. Additionally, the foregoing has been served by depositing copies thereof in the United States Mail, postage prepaid, addressed as follows:

Renea Turner
2737 Woodthrush Road
Springfield, Ohio 45502

                                               /s/ John C. Greiner
                                               John C. Greiner