IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RENEA TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>COX ENTERPRISES, INC., and COX MEDIA GROUP, INC.,<br><br>    Defendants. | Civil Action No. 3:21-cv-288<br><br>Judge Walter H. Rice<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT** |

Defendants Cox Enterprises, Inc. and Cox Media Group, Inc. hereby submit this Reply in Support of the Motion to Set Aside the Entry of Default (ECF #6).

## INTRODUCTION

Defendants Cox Enterprises, Inc. and Cox Media Group, Inc. have moved pursuant to Fed. R. Civ. P. 55(c) to set aside the clerk's entry of default. (ECF #6). The law in this circuit strongly encourages adjudication on the merits, and discourages the entry of default judgment where defendants present meritorious defenses and a plaintiff cannot demonstrate prejudice. As set forth fully in Defendants' Motion, these factors strongly favor Defendants here, and Plaintiff has not shown otherwise.

## ARGUMENT

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "[I]n general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir.

2010). In their Motion, Defendants have demonstrated good cause through the three-factor test utilized in this circuit: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant has led to the default. (*See* ECF #9, at 3-5).

By her opposition and affidavit, Plaintiff does not dispute, or address, these factors, with the exception of culpability. Plaintiff contends Defendants engaged in "Fraud, Mail Tampering, Colluding, obstruction of USPS mail and Corruption" in somehow manipulating the mail and delivery of the Complaint. (ECF #15, at 2). To be clear, Defendants are not contending, and did not contend in their Motion, that the Complaint was not delivered and signed for in Defendants' corporate mail room. Instead, Defendants have simply explained that the Complaint was not served through the registered agent or other authorized person, and was served during a time when Defendants' offices were largely closed for COVID-19, as evidencing that Defendants have not engaged in culpable or dilatory litigation practices. (*See* ECF #9, at 5-6). Plaintiff's litany of "mail tampering" related allegations are unfounded.

Moreover, as set forth fully in Defendants' Motion, there is no prejudice to Plaintiff in setting aside the default, and Plaintiff has not articulated any. The only conceivable prejudice is a modestly delayed resolution of Plaintiff's claims, but "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987) ("mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside an entry of default judgment.").

In addition, Defendants have presented multiple meritorious defenses in their contemporaneously filed Motion to Dismiss the Complaint to which Plaintiff has also not meaningfully responded. *See Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) ("A

defense is meritorious if 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.' If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious.") (citation omitted).

Accordingly, Defendants plainly meet the standard for setting aside the entry of default.

## CONCLUSION

Defendants respectfully request that this Court set aside the entry of default and deny Plaintiff's motion for the entry of default judgment.

Respectfully submitted, May 13, 2022

/s/ *John C. Greiner*
John C. Greiner (0005551)
Kellie A. Kulka (0095749)
GRAYDON, HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, OH  45202
Phone:  (513) 629-2734
Fax:     (513) 333-4316
Email:  jgreiner@graydon.law
           kkulka@graydon.law

&

/s/ Thomas M. Clyde
Thomas M. Clyde
Georgia Bar No. 170955 (*pro hac vice forthcoming*)
Lesli N. Gaither
Georgia Bar No. 621501 (*pro hac vice forthcoming*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4528
Phone:  (404) 815-6038
Fax:     (404) 541-3359
Email:  tclyde@kilpatricktownsend.com
           lgaither@kilpatricktownsend.com

*Counsel for Defendants Cox Enterprises, Inc. and Cox Media Group, Inc.*

3

## CERTIFICATE OF SERVICE

      I hereby certify that, on May 13, 2022, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record.  Additionally, the foregoing has been served by depositing copies thereof in the United States Mail, postage prepaid, addressed as follows:

Renea Turner<br>
2737 Woodthrush Road<br>
Springfield, Ohio 45502

                                                     _/s/ John C. Greiner_
                                                     John C. Greiner

11782483.1