IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RENEA TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>COX ENTERPRISES, INC., and COX MEDIA GROUP, INC.,<br><br>    Defendants. | Civil Action No. 3:21-cv-288<br><br>Judge Walter H. Rice<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendants Cox Enterprises, Inc. and Cox Media Group, Inc. hereby submit this Reply in Support of their Motion to Dismiss (ECF #10).

### **INTRODUCTION**

This is a *pro se* defamation action filed by political activist Renea Turner, a former unsuccessful write-in candidate for the Governorship of Ohio. As admitted in her Complaint, Ms. Turner received substantial media coverage in October of 2020 when she made a public "declaration" from the grounds of the Ohio Statehouse announcing that she was exercising the "inalienable rights" of Ohio citizens to: (1) remove Governor Mike DeWine from office and (2) replace him with herself as the Governor of Ohio.

In her Complaint, Plaintiff contends that the "media's" reporting "demonized" her in a "false and defamatory" manner. However, as set forth fully in Defendants' Motion, Plaintiff fails in her Complaint to state a legal basis for the essential elements necessary to support a defamation claim against any media organization, including the Defendants in this action, Cox Enterprises, Inc. and Cox Media Group, Inc. Plaintiff's opposition to Defendants' Motion gives this Court no basis to conclude otherwise.

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

By her Complaint, Plaintiff brings a defamation claim against Defendants for unspecified statements stemming from reporting on her actions at the Statehouse and subsequent investigation by Ohio Highway Patrol. In order to state a viable defamation claim against a news organization under Ohio law, a plaintiff must plead grounds establishing that "(1) the organization made a false statement, (2) the statement was defamatory, (3) the organization published the statement, (4) the plaintiff was harmed as a proximate result of the publication, and (5) the organization acted with the requisite degree of fault in publishing the statement." *Anderson v. WBNS-TV, Inc.* (2019), 158 Ohio St.3d 307, 309, 141 N.E.3d 192, 192.

As set forth fully in Defendants' Motion (ECF #10), Plaintiff's claims fail for a variety of reasons, including:

- By failing to identify which news reports or statements she contends are actionable; *compare* Compl, ¶ 3 ("media went on a frenzy" and "demonized me with comments that I was plotting to kidnap, kidnap and kill, kill and murder…"); *with* Compl., Exs. A–B (no reference to "kill" or "murder" in articles attached to Complaint);

- By failing to plead that Defendants are the proper defendants in this action by setting forth grounds to support the claim that they are the "publishers" of the news reports she challenges; *see, e.g.*, Compl. at Introduction ¶¶1–2 (recognizing that Cox Enterprises, Inc. and Cox Media Group, Inc. are unaffiliated with WHIO-TV);

- By failing to plead that the statements she challenges are false given the facts otherwise admitted in the Complaint; *see generally* Compl., ¶ 1 and Defendant's Motion (ECF #10, Ex. 1); and

- By failing to plead any grounds that would plausibly support an allegation that news organizations published news reports about her with "actual malice."

By her opposition, Plaintiff does not dispute or contest any of these issues, asserting only that Defendants "base their whole defense" on her being a "Public Figure" as opposed to a "Human Being/Woman." (ECF #15, at 3). However, whether Plaintiff is a public figure for purposes of her defamation claim is not a statement about her humanity. It is simply the legal nomenclature related to her burden of proof. *See, e.g., Fuchs v. Scripps Howard Broadcasting Co.*, (2006) 170 Ohio. App.3d 679, 691-92 ("A defamation plaintiff can be one of four types: (1) a private person, (2) a public official, (3) a public figure, or (4) a limited-purpose public figure. Classification determines the plaintiff's burden of proof. And a plaintiff's classification is a matter of law for the court to decide.") (citations omitted).

"A public figure cannot recover for defamation unless the individual proves that the publication was made with actual malice. Actual malice exists when the publisher makes the statement with knowledge of the statement's falsity or with reckless disregard of whether it was false or not." *Young v. Gannett Satellite Information Network, Inc.*, 837 F. Supp.2d 758, 763 (S.D. Ohio 2011) (citation omitted). Plaintiff has pled no facts, as there are none, to meet this burden.

Accordingly, Defendants' Motion should be granted.

-3-

## **CONCLUSION**

Defendants request that the Court grant their Motion to Dismiss under Fed.R.Civ.P. 12(b)(6).

Respectfully submitted, May 13, 2022

        */s/ John C. Greiner*
John C. Greiner (0005551)
Kellie A. Kulka (0095749)
GRAYDON, HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 629-2734
Fax: (513) 333-4316
Email: jgreiner@graydon.law
       kkulka@graydon.law

&

/s/ Thomas M. Clyde
Thomas M. Clyde
Georgia Bar No. 170955 (*pro hac vice forthcoming*)
Lesli N. Gaither
Georgia Bar No. 621501 (*pro hac vice forthcoming*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Phone: (404) 815-6038
Fax: (404) 541-3359
Email: tclyde@kilpatricktownsend.com
       lgaither@kilpatricktownsend.com

*Counsel for Defendants Cox Enterprises, Inc. and Cox Media Group, Inc.*

-5-

## CERTIFICATE OF SERVICE

I hereby certify that, on May 13, 2022, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record. Additionally, the foregoing has been served by depositing copies thereof in the United States Mail, postage prepaid, addressed as follows:

> Renea Turner
> 2737 Woodthrush Road
> Springfield, Ohio 45502

　　　　　　　　　　　　　　　　　　　　_John C. Greiner_____
　　　　　　　　　　　　　　　　　　　　John C. Greiner