IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RENEA TURNER                          :

      Plaintiff,

                           :

     v.                              Case No. 3:21-cv-288

                           :   JUDGE WALTER H. RICE

COX ENTERPRISES, INC., and
COX MEDIA GROUP, INC.,

      Defendants.

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION TO
SET ASIDE ENTRY OF DEFAULT (DOC. #9) AND OVERRULING
DEFENDANTS' MOTION TO DISMISS (DOC. #10); ENTRY OF
DEFAULT SET ASIDE; CAPTIONED CASE REFERRED TO
MAGISTRATE JUDGE CAROLINE H. GENTRY FOR ALL PURPOSES
THROUGH THE END OF THE DISCOVERY PERIOD.

---

Defendants, Cox Enterprises, Inc., and Cox Media Group, Inc.

("Defendants"), have filed two motions ("Motions"). First, Defendants filed a

Motion to Set Aside Entry of Default and Response in Opposition to Motion for

Default Judgment ("Motion to Set Aside Default"), Doc. #9, pursuant to Fed. R.

Civ. P. 55(c). Second, Defendants filed a Motion to Dismiss ("Motion to Dismiss"),

Doc. #10, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, Renea Turner ("Plaintiff"),

filed a response, Doc. #15, and Defendants filed a Reply in Support of the Motion

to Set Aside Default, Doc. #16, and a Reply in Support of the Motion to Dismiss,

Doc. #17. Plaintiff also filed a second response, Doc. #21. For the reasons set forth below, the Court **sustains** Defendants' Motion to Set Aside Default and **overrules** Defendants' Motion to Dismiss.

## I. Background Facts

Plaintiff filed a Complaint ("Complaint"), Doc #1, bringing a claim of defamation against the Defendants.

The Complaint alleges that on October 22, 2020, Renea Turner ("Turner") went to the Ohio Statehouse and performed "a declaration to alter the bands between the Ohio Governor Mike DeWine and Ohioan's due to Him being a Tyrant by violation of his Governor oath to protect Ohioans Constitutional rights." Doc. #1, PageID#2. On October 23, 2020, Plaintiff alleges that she was contacted by several media outlets. *Id.*, PageID#3. According to the Complaint, Plaintiff set up a press release for October 26, 2020, to ensure that "all of the media sources . . . [would] be on the same page." *Id.*

However, in the time between October 23 and October 26, Plaintiff alleges that "the media went crazy." *Id.* Specifically, the Complaint has attached two articles published by the Springfield News-Sun and WHIO-TV. *Id.* Exhibit A is an online news report from the Springfield News-Sun, with a headline stating, "Piqua resident reports plot to kidnap or arrest Ohio Gov. Mike DeWine" and a sub-headline stating, "The plot allegedly involved a Springfield woman planning to

arrest or kidnap Gov. Mike DeWine." *Id.*, PageID#8. Exhibit B is an online news story by television station WHIO-TV, containing the headline "Springfield woman disputes reports she was in on plan to arrest Gov. DeWine." *Id.*, PageID#9. The two articles describe a police report filed by a Piqua man on October 16, 2020. *Id.*, PageID#9-10. The Piqua man claimed in the report that Turner had approached him for help with arresting Governor DeWine and trying him for "tyranny." Doc. #10.2, PageID#56.

Plaintiff alleges that while the police report used the word "arrest," it did not the use the language "kidnap, kidnap and kill, [or] kidnap and murder." Doc. #1, PageID#3. Plaintiff also alleges that an Ohio state representative posted a YouTube video about a meeting that he had with Turner, but the representative also did not use the word "kidnap." *Id.* However, the Complaint alleges that the Springfield News-Sun and WHIO-TV nonetheless erroneously used the word "kidnap" in their publication. *Id.* Therefore, the Complaint alleges that the two publications defamed her. *Id.*

The Complaint names as defendants Cox Enterprises, Inc., and Cox Media Group, Inc. *Id.*, PageID#1. When the two articles were published, Plaintiff alleges[1] that Springfield News-Sun was owned by Cox Enterprises, Inc., but concedes that WHIO-TV was owned by Apollo Management Group.[2] *Id.*, PageID#2.

---

[1] Defendant admits that Cox Enterprises, Inc., is the correct party with respect to the news report published in the Springfield News-Sun. Doc. #10, PageID#46.

[2] Cox Enterprises and Cox Media Group were minority shareholders in WHIO-TV when the WHIO-TV article was published. Doc. #1, PageID#3.

Plaintiff filed the Complaint on October 20, 2021. *Id.*, PageID#1. Defendants were served with the Complaint through their corporate mailroom on November 15, 2021. Doc. #4, PageID#19. Pursuant to Fed. R. Civ. P. 12(a)(1)(C), Defendants had until December 6, 2021, to file responsive pleadings. Plaintiff received the return receipt on February 14, 2022, Doc. #15, PageID#19, but Defendants had yet to file responsive pleadings. Doc. #6, PageID#26. Plaintiff moved for an entry of default on February 16, 2022, Doc. #5, PageID#24, and the default was entered that same day pursuant to Fed. R. Civ. P. 55(a). Doc. #6, PageID#26.

Defendants have filed two motions: (1) the Motion to Set Aside Default, Doc. #9, pursuant to Fed. R. Civ. P. 55(c); and (2) the Motion to Dismiss, Doc. #10, pursuant to Fed. R. Civ. P. 12(b)(6). The Court will address the Motions in turn.


## II. Standard of Review for Motion to Dismiss.

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d

4

471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) □is to allow a defendant to test whether, as a matter of law, the Plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the Plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the Plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the Plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions must be supported by factual allegations that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they

are referred to in the Complaint and are central to the claims contained therein."

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## III.  Legal Analysis

### A. Motion to Set Aside Default

Defendants move to set aside the Clerk's entry of default. Plaintiff argues that the default should not be set aside because Defendants were served the Complaint on November 15, 2021, and Defendants' failure to file responsive pleadings until March 15, 2022, was in bad faith. Doc. #15, PageID#70. In response, Defendants argue that Plaintiff improperly served the Complaint at Defendants' corporate mailroom rather than through Defendants' registered agent for service. Doc. #9, PageID#32. Defendants also argue that setting aside the entry of default is appropriate because Defendants can present meritorious defenses and Plaintiff cannot demonstrate prejudice. Doc. #9, PageID#32.

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside an entry of default for good cause." The Sixth Circuit employs wide leniency when interpreting this good cause standard: "[I]n general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). In determining whether good cause exists, a district court considers three factors: "(1) Whether culpable conduct of the defendant led to the default, (2)

6

[w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). The Court will consider each factor in turn.

First, the Court does not find that Defendants have engaged in any culpable conduct that would justify an entry of default. Defendants were properly served on November 15, 2021, at their corporate mailroom.[3] Doc. #9, PageID#32. Defendants contend that service went undetected until February 16, 2022, because their corporate offices were largely closed due to the COVID-19 pandemic. *Id.* Whether the pandemic in fact precluded Defendants' responsive pleadings is impossible for the Court to determine. However, considering the extraordinary circumstances of a global pandemic, the Court is inclined to give deference to Defendants' argument. Additionally, since receiving confirmation of service on the docket on February 16, 2022, Defendants have been sufficiently responsive to the Complaint—the Motion to Dismiss, Doc. #10, was filed within 30 days, and the Motion to Set Aside Default, Doc. #9, was filed within 21 days. Accordingly, the Court finds that Defendants have not engaged in the requisite culpable conduct to justify an entry of default.

---

[3] Defendants note that service did not occur "through their registered agent for service or other officer authorized to accept service." Doc. #9, PageID#32. However, Fed. R. Civ. P. 5(b)(2)(B)(i) allows a plaintiff to provide service "at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office." The Court finds that Plaintiff properly served Defendants.

Second, the Court finds that Defendants have presented meritorious

defenses. In their Motion to Dismiss, Defendants have argued that Plaintiff's

defamation claim should be dismissed because:

> (1) Plaintiff has failed to identify with any meaningful particularity the news reports and statements that she contends are actionable; (2) Plaintiff has failed to plead that Defendants are proper defendants in this action by setting forth grounds to support the claim that they are the publishers of the news reports she challenges; (3) Plaintiff has failed to plead that the statements she challenges are false given the facts otherwise admitted in the Complaint; (4) Plaintiff, a public figure by virtue of her political activism and attempt to forcibly remove a sitting governor from office, has failed to plead a basis for claiming that Defendants published the speech she challenges with "actual malice."

Doc. #9, PageID#35. Should the Court overrule the Motion to Dismiss, Defendants'

arguments will be meritorious later in the litigation, even if they are not ultimately

successful. The Defendants' arguments justify resolving this case "on the merits

instead of on the basis of procedural missteps." *$22,050.00 U.S. Currency*, 595

F.3d at 322.

Third, the Court finds that Plaintiff will not be prejudiced if the Clerk's entry

of default is set aside. The Court recognizes that setting aside the default will

certainly delay resolution of the case, but "delay alone is not a sufficient basis for

establishing prejudice." *INVST Financial Group v. Chem-Nuclear Systems*, 815

F.2d 391, 398 (6th Cir. 1987). Furthermore, Plaintiff filed the Complaint on October

20, 2021, which was approximately one year after publication of the two news

reports in the Springfield News-Sun and WHIO-TV. Doc. #1, PageID#1. Plaintiff

voluntarily waited a full year to file the Complaint, and the Court cannot agree that further delay would prejudice Plaintiff.

Considering the aforementioned factors, and considering the wide leniency of Rule 55(c), the Court finds it appropriate to sets aside the entry of default. Accordingly, the Motion to Set Aside Default, Doc. #9, is **sustained**.


### B. Motion to Dismiss

Defendants move to dismiss Plaintiff's defamation claim and argue that there are not sufficient facts in the Complaint to indicate that Turner was defamed by the Springfield News-Sun and WHIO-TV. Specifically, Defendants contend that Plaintiff (1) failed to identify with particularity the news reports she believes are actionable, (2) failed to plead that Defendants are proper defendants in this action, and (3) failed to plead that the statements by the Springfield News-Sun and WHIO-TV are false given the other facts admitted in the Complaint. Doc. #10, PageID##45-47. Additionally, Defendants assert that Plaintiff is a public figure by virtue of her political activism and has failed to plead a basis for claiming that Defendants published the speech with "actual malice." *Id.*, PageID#47

In response, Plaintiff asserts that by providing the two articles attached as Exhibit A and Exhibit B to the Complaint, she has identified with particularity the news reports she believes are actionable. Doc. #21, PageID#105. Additionally, Plaintiff contends that the Complaint alleges Defendants' use of the word "kidnap" was the false statement, and the remainder of the Complaint does not

contradict that allegation. *Id.* Finally, Plaintiff argues that she is a private person rather than a public figure. *Id.*

Under Ohio law, a defamation claim against a news organization requires pleading grounds to establish that "(1) the organization made a false statement, (2) the statement was defamatory, (3) the organization published the statement, (4) the plaintiff was harmed as a proximate result of the publication, and (5) the organization acted with the requisite degree of fault in publishing the statement." *Anderson v. WBNS-TV*, 141 N.E.3d 192, 196 (Ohio 2019).

The Court begins by noting that the Complaint admits Cox Enterprises, Inc., and Cox Media Group, Inc. did not own WHIO-TV during the time Exhibit B was published. Doc. #1, PageID#2. Instead, Apollo Management Group owned WHIO-TV, whereas Cox Enterprises, Inc., and Cox Media Group were only minority shareholders. *Id.* Therefore, Defendants did not "publish" Exhibit B, and the Court will not consider Exhibit B for the purposes of this Motion to Dismiss.

Nonetheless, the Court finds that the Complaint has plead sufficient facts to allege Turner was defamed by Cox Enterprises, Inc., and Cox Media Group, Inc.

First, Plaintiff has successfully alleged that Defendants made a false statement. The article title in Exhibit A portrays a police report filed by a Piqua resident who claimed Plaintiff was plotting to "kidnap or arrest" Governor DeWine. Doc. #1, PageID#8. However, Plaintiff alleges that the Piqua resident did not in fact use the word "kidnap" in his police report, and the Springfield News-Sun added that "False, Demonizing and Defamatory Statement[]." *Id.* The word

"kidnap" is not analogous to "arrest." Although it is certainly arguable whether a private citizen has legal authority to "arrest" the Governor of Ohio, the word "kidnap" and "arrest" are still not analogous. By alleging that the Springfield News-Sun erroneously used the word "kidnap," Plaintiff has sufficiently plead that the Defendants published a false statement.

Second, Plaintiff has successfully alleged that the false statement was defamatory. A defamatory statement is a "false . . . publication, made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession.'" *Whitt Sturtevant, LLP v. NC Plaza LLC*, 43 N.E.3d 19, 38 (Ohio Ct. App. 2015). Under Ohio law, kidnapping is a felony. OHIO REV. CODE ANN. § 2905.01 (West). There can be no question that committing a felony "reflect[s] injuriously on a person's reputation." Therefore, Plaintiff has sufficiently alleged that Defendants use of the word "kidnap" was defamatory.

Third, Plaintiff has successfully alleged that Defendants published the statement. Although Cox Enterprises, Inc., and Cox Media Group, Inc. did not own WHIO-TV during the time Exhibit B was published, they *did* own the Springfield News-Sun during the time Exhibit A was published. Doc. #1, PageID#2. Therefore, Plaintiff has alleged that Defendants published the defamatory statement in Exhibit A.

11

Fourth, Plaintiff has successfully alleged that she was harmed as a proximate result of the publication. Plaintiff describes herself as an "aspiring politician," and alleges that Exhibit A caused her to "suffer[] permanent harm to both her personal reputation and Political profession." *Id.*, PageID#5. Additionally, Plaintiff has alleged that Exhibit A "forced [Plaintiff] to live her life in a constant state of concern over her safety and the safety of her family." *Id.* Accepted as true, these allegations show that Exhibit A harmed Plaintiff.

Finally, Plaintiff has successfully alleged that Defendants acted with the requisite degree of fault in publishing the statement. There are four possible classifications for a plaintiff who alleges defamation: "(1) a private person; (2) a public official; (3) a public figure; and (4) a limited purpose public figure." *Kassouf v. Cleveland Mag. City Mags.*, 755 N.E.2d 976, 982 (Ohio Ct. App. 2001) (quoting *Talley v. WHIO TV–7 & WDTN TV–2*, 722 N.E.2d 103, 106 (Ohio Ct. App. 1998). The classification question is crucial because it provides the requisite degree of fault necessary for a plaintiff to recover damages. *Id.* For example, a private plaintiff must show that the statement was false and that the defendant was at least negligent in publishing the false statement, *id.* at 982–83, whereas a public-figure plaintiff must show "actual malice" on the part of a defendant in publishing the false statement. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–280 (1964).

Plaintiff and Defendants disagree as to what classification is applicable to Plaintiff—while Plaintiff contends that she is a private person, Doc. #15, PageID#71, Defendants contend that she is a public figure. Doc. #10, PageID#47.

12

However, a Rule 12(b)(6) motion to dismiss "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Accordingly, at the pleading stage it would be inappropriate for the Court to rule on the merits regarding Plaintiff's legal classification. The only question before the Court at the pleading stage is whether Plaintiff has **alleged** both a classification and the corresponding degree of fault. The Court finds that she has. Plaintiff alleges that she is a private person, Doc. #15, PageID#71, which requires alleging the statement was false and that the defendant was at least negligent in publishing the false statement. *Kassouf*, 755 N.E.2d at 982–83. Plaintiff has alleged that the statement was false, and that Defendants "Negligently and Recklessly Failed to consult public available information demonstrating its False and Defamatory Statements to be False including without limitations, [a] Police report dated October 16, 2020, by a Piqua resident." Doc. #1, PageID#4. Therefore, Plaintiff has alleged that Defendants acted with the requisite degree of fault in publishing the statement.

Plaintiff has successfully alleged all the necessary elements of a defamation claim. Accordingly, the Motion to Dismiss, Doc. #10, is **overruled.**

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Set Aside Default, Doc. #9, is **sustained,** and Defendant's Motion to Dismiss, Doc. #10, is **overruled.**

The entry of default is set aside. Defendants are to file a responsive pleading to Plaintiff's Complaint, Doc #1, within 14 days from this date. Given that Plaintiff is proceeding pro se, the captioned case is referred to Magistrate Judge Caroline H. Gentry for all purposes through the close of discovery.

Date: September 27, 2022

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE