IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RENEA TURNER,                       :

    Plaintiff,                      Case No. 3:21-cv-288

    v.                          :      Judge Walter H. Rice

COX ENTERPRISES, INC.,
*et al.*,
                                :
    Defendants.

---

ORDER CONCLUDING THAT PLAINTIFF RENEA TURNER'S SURRPELY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS COX ENTERPRISES, INC., AND COX MEDIA GROUP OHIO, INC. (DOC. #55) AND PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO ADD SUPPLEMENTAL PLEADING (DOC. #56) WERE FILED LATE AND WITHOUT LEAVE OF COURT, AND THAT THE SUBSTANCE OF THE FILINGS DOES NOT ALTER THE JUDGMENT PREVIOUSLY ENTERED BY THE COURT (DOC. #54), AND TERMINATING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION *IN LIMINE* (DOC. #57) AS MOOT

---

Before the Court are Plaintiff Renea Turner's Surreply in Opposition to the Motion for Summary Judgment of Defendants Cox Enterprises, Inc. and Cox Media Group, Ohio, Inc. (Surreply, Doc. #55), Reply in Support of her Motion for Leave of Court to File a Motion to Add Supplemental Pleading (Reply to Motion for Leave, Doc. #56), and Motion to Strike Defendants' Motion *in Limine* (Motion to Strike, Doc. #57). On March 4, 2025, Plaintiff filed a Memorandum in Opposition to Defendants' Motion for Summary Judgment (Doc. #48), to which Defendants filed

a reply in support on March 14, 2025. (Doc. #50). Also on March 4, 2025, Defendant filed a memorandum *contra* Plaintiff's Motion for Leave (Doc. #49); despite Plaintiff being *pro se*, she received notice of Defendant's filing via electronic mail. Under the Federal Rules of Civil Procedure and Local Civil Rules, Plaintiff was required to file any reply in support of her Motion for Leave no later than March 18, 2025, and the Court would entertain no further briefing with respect to Defendants' Motion for Summary Judgment, unless a movant showed good cause and the Court granted leave to file. FED.R.CIV.P. 5(b)(2)(E), 6(a)(4), (d); S.D. OHIO CIV.R. 7.2(a)(2). On March 20, 2025, the Court, noting that the time for filing a reply had expired, overruled Plaintiff's Motion for Leave (Order, Doc. #52, PAGEID 795 n.2), sustained Defendants' Motion for Summary Judgment (Decision and Entry, Doc. #53), entered Judgment in favor of Defendants and against Plaintiff (Doc. #54), and closed the case.

On March 20, 2025, after Judgment was entered, Defendant filed the Surreply, Reply, and Motion to Strike. However, nowhere in the Surreply or Reply did Plaintiff attempt to explain why the untimeliness of her filings should be excused, or claim that she had been diligent in complying with the deadlines in the federal and local rules. Additionally, Plaintiff did not explain why she failed to move for leave to file the Surreply, or show that she had good cause for making the additional filing. Consequently, neither the Surreply nor Reply is properly before the Court. S.D. OHIO CIV.R. 7.2(a)(2). Nonetheless, out of an abundance of caution, the Court has reviewed those documents. From that review, the Court

2

concludes that the Surreply, which merely expands upon the arguments raised in previous filings, does not alter the Court's previous conclusions that: (1) Plaintiff was, at the very least, a limited public figure with respect to Gov. Mike DeWine and COVID-19 policies; (2) Plaintiff had not shown that the article in question contained any material falsehoods, much less that it was published in reckless disregard of the truth; and (3) consequently, Plaintiff had fallen well short of showing actual malice, and Defendants are entitled to judgment as a matter of law. (Doc. #53, PAGEID 805-07).

In the Reply, Plaintiff claims that the goal with her Motion for Leave was to add a supplemental pleading under Rule 15(d), rather than to file an amended complaint under Rule 15(a)(2). (Doc. #56, PAGEID 816). However, the standards for leave to amend for the two subsections are identical—denials of leave for futility are subject to *de novo* appellate review; all other grants or denials of leave are reviewed for abuse of discretion. *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002), citing *McHenry v. Ford Motor Co.*, 269 F.2d 18, 24 (6th Cir. 1959). Moreover, in the Reply, just as in the Motion for Leave, Plaintiff "fails to state what those new facts [underpinning the supplemental pleading] are, when she became aware of them, how she was reasonably diligent in uncovering them, or how she was unable to discover the facts" earlier. (Doc. #52, PAGEID 794). While in the Reply, Plaintiff argues that a supplemental pleading would require no additional motion practice (Doc. #56, PAGEID 817), Defendants would necessarily have to answer or move to dismiss that pleading. For that reason, and the reasons

3

set forth in the Order denying leave to amend, allowing a supplemental pleading this late in the proceedings would cause Defendants to suffer extreme prejudice. (Doc. #52, PAGEID 794-95). Also, nothing in the Reply causes the Court to alter its conclusion that further claims by Plaintiff would not survive a motion to dismiss, and that leave should be denied on the basis of futility. (*Id*. at PAGEID 795).

Finally, upon Judgment being entered and the case being closed, Defendants' Motion *in Limine* (Doc. #51) was terminated as moot. As the case and Motion *in Limine* are no longer at issue, Plaintiff's Motion to Strike (Doc. #57) is also TERMINATED AS MOOT.

The captioned cause remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

March 26, 2025

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT