IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RENEA TURNER, | : | |
| Plaintiff, | | Case No. 3:21-cv-288 |
| v. | : | Judge Walter H. Rice |
| COX ENTERPRISES, INC., et al., | | |
| | : | |
| Defendants. | | |

---

ORDER OVERRULING PLAINTIFF RENEA TURNER'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING (DOC. #58), MOTION TO REOPEN CASE (DOC. #59), AND MOTION FOR NEW TRIAL (DOC. #61)

---

Before the Court are Plaintiff Renea Turner's Motion for Leave to File a Supplemental Pleading (Doc. #58), Motion to Reopen the Case (Doc. #59), and Motion for New Trial (Doc. #61). On March 20, 2025, the Court overruled Plaintiff's Motion for Leave to File Amended Complaint (Order, Doc. #52, citing Motion, Doc. #46), sustained the Motion for Summary Judgment of Defendants Cox Enterprises, Inc., and Cox Media Group Ohio, Inc. (Entry, Doc. #53, citing Motion, Doc. #54), entered Judgment in favor of Defendants and against Plaintiff (Doc. #54), and closed the case.

Also on March 20, 2025, but after Judgment was entered, Plaintiff filed a Surreply in Opposition to Defendants' Motion for Summary Judgment (Doc. #55)

and a Reply in Support of her Motion for Leave. (Doc. #56). On March 26, 2025, the Court considered and rejected those filings, concluding that they were filed out of time and, in the case of the Surreply, without the required leave. (Order, Doc. #60, PAGEID 837). Moreover, the Court reviewed and considered the substance of the filings. In so doing, it found that the arguments raised in the Surreply did not cause the Court to alter its conclusions that: Plaintiff was a limited public figure, and she had "fallen well short of showing actual malice" by Defendants in their publication regarding her. Thus, the Court concluded, "Defendants are [still] entitled to judgment as a matter of law." (*Id.* at PAGEID 837-38, citing Doc. #53, PAGEID 805-07). The Court further concluded that: Plaintiff's Reply in Support of her Motion for Leave was still devoid of any description of the facts that would underpin her proposed supplemental pleading, Defendants would "suffer extreme prejudice" if they had to answer or move to dismiss a supplemental pleading, and any supplemental pleading would not survive a renewed motion to dismiss, rendering any supplementation futile. (*Id.* at PAGEID 838-39, citing Doc. #52, PAGEID 794-95). Accordingly, the Court left its previous rulings and the Judgment in place.

On March 25, 2025, Plaintiff renewed her Motion for Leave to File a Supplemental Pleading. (Doc. #58, PAGEID 828, citing FED.R.CIV.P. 15(d)). Therein, Plaintiff raises two sets of facts that she claims occurred after filing her Complaint (Doc. #1) on October 20, 2021. *First*, she claims that Defendants committed copyright infringement by attaching Plaintiff's self-published books to

2

their Motion for Summary Judgment. (Doc. #58, PAGEID 829, citing Exs. A-B, Doc. #43-1). To succeed on a copyright infringement claim, "a plaintiff must establish . . . that the defendant copied" the copyrighted material and passed it off as its own. *Jones v. Blige*, 558 F.3d 485, 490 (6th Cir. 2009), quoting *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003); citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Here, Defendant properly attributed authorship of the books to Plaintiff, and cited them only to provide support for its recounting of certain facts. (Doc. #43, PAGEID 370-71). Notably, Plaintiff does not claim that Defendants misrepresented the cited passages; her complaint is that Defendants used the books at all. However, mere use of copyrighted material (with proper attribution) for a public purpose, such as a court filing, is not infringement.

*Second*, Plaintiff claims that the Court erred in concluding that Plaintiff is a limited public figure, rather than a private citizen. (Doc. #58, PAGEID 829, citing Doc. #53, PAGEID 805). Plaintiff does not identify any newly-discovered facts that would cause the Court to reconsider that conclusion, and as the Court stated previously, whether Plaintiff is a public figure is a question of law. (Doc. #53, PAGEID 804, citing *Ehrlich v. Kovack*, 135 F. Supp. 3d 638, 673 (N.D. Ohio 2015)). If Plaintiff believes that the Court erred in determining that she is a limited public figure, then she may properly raise that issue on appeal; however, any such error is not the basis upon which to allow a supplemental pleading. FED.R.CIV.P. 15(d). As a copyright infringement claim would not survive a motion to dismiss, and Defendants would incur significant time and expense both in having to move to

3

dismiss a claim that is not actionable and having to respond to an argument not properly before the Court, the Motion for Leave (Doc. #58) is denied both as futile and to prevent unfair prejudice to Defendants.

In the Motion to Reopen, Plaintiff claims that because she is *pro se*, "documents must be mailed to Plaintiff[]. This causes at least a 4 day delay." (Doc. #59, PAGEID 833). She further argues that, because she filed her Surreply and Reply in Support of Motion for Leave on March 20, 2025, the Court should vacate its judgment and allow the case to proceed to trial. (*Id.*). Plaintiff's Motion suffers from three fatal flaws. *First*, Plaintiff received notice of Defendants' Reply in Support of their Motion for Summary Judgment via email from the Court's Case Management/Electronic Case Filing (CM/ECF) system immediately upon Defendants' filing. That notice was sent to Plaintiff at the same email address that she lists in the signature block of her Motion to Reopen. (*Id.* at PAGEID 834). Thus, Plaintiff was not entitled to an additional three days to respond, FED.R.CIV.P. 6(d), meaning that her Reply in Support of Motion for Leave was due on March 18, 2025. S.D. OHIO CIV. R. 7.2(a)(2). *Second*, and more importantly, Plaintiff never sought leave to file her Surreply, and surreplies are not "permitted except upon leave of court for good cause shown." *Id.* Thus, Plaintiff had no right to file her Surreply, even if it had been timely filed. *Third*, as discussed above, the Court examined Plaintiff's arguments in the Surreply and found that they did not alter the Court's conclusion that Defendants are entitled to summary judgment. (Doc. #60, PAGEID 837-38). Similarly, the arguments raised in the Motion to Reopen

4

(Doc. #59, PAGEID 833-34) have previously been considered and rejected by the Court. As Plaintiff has not shown good cause, the Motion to Reopen is overruled.

As to the Motion for New Trial, Plaintiff's Motion actually centers on her argument that "Defendants have failed to prove the qualifications required for summary judgment." (Doc. #61, PAGEID 845 (cleaned up)). As Plaintiff is *pro se* and filed the Motion for New Trial within twenty-eight days of entry of judgment, the Court liberally construes the Motion for New Trial as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). "Motions to alter or amend judgment may be granted if there is (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d. 804, 834 (6th Cir. 1999) (numeration added) (citations omitted). In her Motion, Plaintiff does not cite to any evidence that was previously unavailable to her, and she cites no caselaw suggesting that Ohio defamation law has changed since the time Defendants filed their Motion for Summary Judgment.

As to "clear error of law," Plaintiff appears to argue that she was a private person, rather than a limited public figure, and that she satisfied the elements of a defamation claim under Ohio law with respect to the publication of a statement concerning a private person. (Doc. #61, PAGEID 847-48). However, Plaintiff raised these arguments unsuccessfully in her memorandum *contra* Defendants' Motion for Summary Judgment (Doc. # 48, PAGEID 685, 686-87), the Court rejected them (Doc. #53, PAGEID 805-07), and a Rule 59(e) motion "is not designed to give an

5

unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal." *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003). Plaintiff does not cite any caselaw showing: (1) courts denying summary judgment under similar circumstances, or (2) the Supreme Court of Ohio applying Ohio defamation law in a way that suggests that this Court misapplied that law. Thus, Plaintiff has not shown a clear error of law.

Finally, "[o]ne district court in this circuit has aptly described the concept of 'manifest [in]justice' as . . . 'there exist[ing] a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" *Haselrigg v. Kentucky*, No. 5:13-cv-148, 2013 WL 3568305, *1 (E.D. Ky. Jul. 11, 2013), quoting *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04–2667B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)). Plaintiff's arguments in the Motion reinforce the Court's conclusions that: (1) Plaintiff is at least a limited purpose public figure; (2) the article published by Defendants was not even inaccurate, much less published with reckless disregard for the truth; and (3) consequently, Plaintiff could not establish actual malice, and Defendants were entitled to summary judgment. (Doc. #53, PAGEID 805-07). As the Court's entry of judgment (Doc. #54) was proper, there could not have been a "fundamental flaw in [its] decision[.]" *Haselrigg*, 2013 WL 3568305, *1. As Plaintiff has failed to provide any ground for reconsideration, her Motion for New Trial (Doc. #61) must be overruled.

6

For the foregoing reasons, Plaintiff's Motion for Leave (Doc. #58), Motion to Reopen (Doc. #59), and Motion for New Trial (Doc. #61) are OVERRULED.

The captioned cause remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

April 25, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT